UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS - BOSTON

CASE NO.:

RAOUL MARRADI,

      Plaintiff,

vs.

MASSACHUSETTS DEPARTMENT
OF TRANSPORTATION,

      Defendant.

_____/

## COMPLAINT

Plaintiff, RAOUL MARRADI, hereby sues Defendant, MASSACHUSETTS DEPARTMENT OF TRANSPORTATION, for injunctive relief and damages pursuant to 42 U.S.C. §12131, *et seq.* ("Title II") (hereinafter, the "Americans with Disabilities Act" or "ADA").

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §§12131, *et seq.* based on Defendant's violations of Title II of the Americans with Disabilities Act *(see also* 28 U.S.C. §§2201 and 2202).

## PARTIES

2.    Plaintiff, RAOUL MARRADI, is a resident of Suffolk County, Jamaica Plain, Massachusetts, is *sui juris*, is a qualified individual with disabilities under and as defined by the ADA, and desires to have access to and participate in the services, programs, facilities, activities, buildings, spaces, premises and accommodations provided by Defendant, but is unable to do so as a result of his disability and Defendant's discriminatory practices described herein. Plaintiff

1

has suffered, and without the immediate relief requested herein will continue to suffer, direct and indirect discrimination, injury and damage as a result of the Defendant's actions or inaction described herein.

3.     MASSACHUSETTS DEPARTMENT OF TRANSPORTATION (hereinafter, the "Mass DOT" or "Defendant"), is a public entity as defined by and pursuant to 42 U.S.C. §12131, and is subject to the provisions of the ADA.

4.     Mass DOT operates the following facilities, buildings, services, programs and activities, where barriers to access exist, commonly referred to as the Massachusetts Turnpike, including the following plazas: 1) Framingham Plaza West; 2) Westboro Plaza West; 3) Charlton Plaza West; 4) Ludlow Plaza West; 5) Blandford Plaza West; 6) Lee Plaza West; 7) Lee Plaza East; 8) Blandford Plaza East; 9) Ludlow Plaza East; 10) Charlton Plaza East; and 11) Natick Plaza East (hereinafter, the "Facilities").

## VIOLATION OF AMERICANS WITH DISABILITIES ACT

### INTRODUCTION

5.     Plaintiff brings this claim against the Defendant based upon the Americans with Disabilities Act, which was enacted by Congress on July 26, 1990.

6.     In enacting the ADA, Congress found, among other things, that:

   i.     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   ii.    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii.   discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health

services, voting, and access to public services;

iv.    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs. or other opportunities; and

v.    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

7.    Congress explicitly stated that the purpose of the ADA was to:

i.    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii.    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

8.    Defendant has violated the ADA and has discriminated against Plaintiff by excluding him from participation in and denying them the benefits of Defendant's public services, programs, facilities, activities, buildings, spaces, premises and accommodations solely by reason of his disability.

9.    Defendant is in violation of the ADA and has discriminated against Plaintiff by:

A.    failing to develop and implement a proper transition plan;

3

B.      denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

C.      otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services, as prohibited by 42 U.S.C. §12131, *et seq.* and 28 C.F.R. §35.130. §35.150;

D.      making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, or substantially impairing the accomplishment of, the objectives of, the services, programs and activities offered by Defendant;

E.      failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

F.      failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

G.      excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facilities being inaccessible to or unusable by Plaintiff;

H.      failing to operate each program, service and activity so that it is readily accessible to and useable by individuals with disabilities;

I.      failing to design and/or construct new facilities, or make alterations to existing facilities, so that they are readily accessible to and useable by individuals with disabilities;

J.      failing to take appropriate steps to insure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others (28 C.F.R. §35.160[a]);

K.      failing to provide individuals with disabilities, including individuals with impaired vision or hearing, appropriate information as to the existence and location of accessible services, activities and facilities, and signage at all inaccessible entrances to each of Defendant's facilities, directing users to an accessible entrance or to a location at which they can obtain information about accessible facilities, and failing to use the international symbol for accessibility at each accessible entrance to a facility (28 C.F.R. §35.163[a] and [b]); and

L.    failing to adopt and publish grievance procedures providing for the prompt and equitable resolution of complaints alleging any actions prohibited by the ADA and the regulations thereunder and/or by failing to promptly and equitably resolve grievances which are filed (28 C.F.R. 2135.107[1A).

10.    Specific, although not exclusive, examples of Defendant's ADA violations and practices discriminatory to individuals with disabilities include:

1) <u>Framingham Plaza West</u>

a.    Outside tables are inaccessible. There is no wheelchair seating area or positions.

b.    The aisles in the convenience store are less than 32 inches.

c.    The items within the convenience store are too high, including merchandise, lids for cups, etc.

d.    There is not an accessible handle to pull the restroom stall door closed.

e.    There are over 6 toilet stalls but no stalls meeting the requirements of Figure 30(d).

f.    In the restrooms, there is no pull handle to close the stall door.

g.    The toilet paper dispenser is above the side grab bar and blocks usage of the side grab bar.

h.    There are no signs designating the 2 parking spaces by convenience store as accessible or reserved for persons with disabilities.

2) <u>Westboro Plaza West</u>

a.    The parking spaces designated as accessible are too steep.

b.    The ramp leading up to platform in front of building is too steep.

c.    The signs designating the parking spaces as accessible are too low and can be obstructed.

d.    The parking spaces designated as accessible are not 8 feet wide.

e.    There are dips and uneven portions of the asphalt in parking spaces/ access aisles.

f.      The end caps on the aisles in convenience store reduce the width to less than 32 inches (e.g. beef jerky end cap).

g.      The items within the convenience store are too high, including merchandise, etc.

h.      In the restrooms, there is not an accessible pull handle to close the stall door.

i.      The toilet paper dispenser is above the side grab bar and blocks usage of the side grab bar.

3) Charlton Plaza West

a.      The parking spaces have an excessive slope in more than one direction.

b.      Where the asphalt street meets the walkway and ramp leading up to the front there is a change in level and gap.

c.      In the convenience store, the aisles are reduced to less than 32 inches because of the end caps. The end caps include beef jerky and potato chips. Another aisle is restricted because of the placement of cases of Poland Springs water in the aisle.

d.      In the convenience store, there are many items above reach ranges including items hanging on racks on the walls, small items, and also items on the top shelves.

e.      Outside, there is an ice machine but there is not a 5 foot level landing offset 18 inches at the door.

f.      There are two dining sections. One section has an accessible table but the other does not.

g.      In the restrooms, there is no accessible pull handle to close the stall door.

h.      The toilet paper dispenser is above the side grab bar and blocks usage of the side grab bar.

i.      The tire air pump is set back too far from the curb.

4) Ludlow Plaza West

      a.      There is only one parking space designated as accessible near the main building. It is around the side of the building on the side of the convenience store.

      b.      The aforementioned parking space is less than 8 feet wide.

      c.      The access aisle adjacent to the aforementioned space is only 7 feet wide.

      d.      The sign designating the space as accessible is too low and can be obstructed.

      e.      At the top of the ramp leading from the parking space to the main building there are gaps in the route due to, among other things, chipped concrete.

      f.      There are slopes/ cross-slopes along the accessible route from the parking space to the main building.

      g.      There are other parking spaces designated as accessible but they are roped off and across the parking lot at another building that appears to be closed down.

      h.      There are no accessible spaces at the main entrance, only around the far side of the building near the convenience store.

      i.      Aisles in convenience store are less than 32 inches where the Poland Spring water cases are located and where Jack Links beef jerky and potato chips are located.

      j.      Items for sale in the convenience store are too high, including items on top shelves and on the racks on the wall.

      k.      In the restroom stall, the coat hook is broken.

      l.      The toilet paper dispenser within the stall is above the grab bar and obstructs use of the grab bar

5) Blandford Plaza West

      a.      Two of the four accessible spaces have no accessible parking sign.

      b.      The two signs that are provided are too low and can be obstructed.

     c.      The access aisle adjacent to the van accessible parking space is only 7 feet wide.

     d.      The parking space designated as accessible has excessive slopes/ cross slopes.

     e.      The ramp up to the front of the building is inaccessible, is too steep and does not have compliant handrails.

     f.      The route around the side of building, near the convenience store, has an inaccessible slope/ cross-slope.

     g.      The landing at the entrance to the convenience store has an excessive slope.

     h.      The curb cut/ route from the parking spaces to the left of the convenience store has excessive slopes/ cross-slopes.

     i.      The aisles within the convenience store are less than 32 inches in several places (e.g. near the Jack Links beef jerky display, where the Poland water is located, and where the potato/Dorito chips are).

     j.      There are items within the convenience store that are too high including items on tops shelves and on racks.

     k.      The landing outside of the door on the side of the building, to the right of the convenience store, has an excessive slope.

     l.      The coat hook within the accessible stall is broken.

     m.      There is no pull handle to close the stall door.

     n.      The toilet paper dispenser is over the grab bar and obstructs use of the grab bar.

     o.      The pipes underneath the lavatories in the restroom are not insulated.

     p.      The tire air pump is too far from curb.

6) Lee Plaza West

     a.      Parking spaces designated as accessible have an excessive slope.

     b.      Where the access aisle meets the curb cut there is a change of level and also gaps due to chipped and/or broken areas on route.

c.      On the route to the outdoor seating area the concrete is inaccessible due to chips and gaps on the route.

d.      On the route from the gas pumps to the building there is a curb cut but the asphalt route has excessive slopes and cross slopes.

e.      The curb cut is inaccessible due to chips on the curb cut.

f.      On the parking space to the side of the convenience store the sign is too low and can be obstructed.

g.      The ramp is inaccessible due to chipped concrete.

h.      The route from the ramp to the entrance of the building is inaccessible due to chipped concrete.

i.      In the convenience store the aisles are obstructed and narrowed to less than 32 inches by end caps for potato chips, Jack Links beef jerky, etc.

j.      Items located within the store are too high and inaccessible, including items on tops shelves and on wall racks.

k.      The door into the convenience store has door pressure that is too great and inaccessible.

l.      In the dining/ table area near the restrooms there are no accessible tables. There are four lower tables that are not accessible and a bar with six fixed barstools that is not accessible.

m.      At the McDonald's, certain items (e.g. lids for cups) are located too high and are out of reach.

n.      The tire air hose is inaccessible and is set back too far from the curb.

7) <u>Lee Plaza East</u>

a.      There are two parking spaces designated as accessible at the back of the parking lot by the dog walking area and picnic benches. Neither space has an access aisle making them inaccessible.

b. The curb ramp leading to the sidewalk and picnic benches has slopes and cross-slopes.

c.      The route to the picnic area is also extremely narrow, less than 2 feet wide, and has grass growing up between the concrete slabs that is too high and creates an inaccessible change in level.

d.      There are two wooden picnic tables in the picnic area but no wheelchair seating.

e.      There are 8 accessible parking spaces at the main entrance but none are van accessible with a compliant access aisle.

f.      Inside the main building, the tables in front of the Fresh City and Papa Gino's restaurants are not accessible.

g.      Inside the convenience store, items on the racks, wall rack, and top shelves are inaccessible and too high.

h.      The aisles within the convenience store are too narrow (e.g. at the Jack Links and potato chip displays).

i.      There are two more parking spaces designated as accessible at the convenience store. The ramp at these spaces is inaccessible. The bottom of the ramp meeting the access aisle is chipped, has a gap and is raised.

j.      At the convenience store there is not a 5 foot level landing at the entrance door. There is an excessive slope at the door.

k.      There are concrete pillars blocking the tire air dispenser.

l.      At the bottom of the sidewalk leading to the gas pumps for trucks there is an excessive slope and there is no level landing.

m.      In the restroom, there is no accessible handle on stall door to close the door.

n.      There is no handle to pull the door closed (and the lock is broken and inaccessible).

o.      There is no stall complying with Figure 30(d).

8) Blandford Plaza East

a.      There are 5 parking spaces designated as accessible.

b.      Four of the five spaces are on the side of the building and not closest to the main entrance.

c.      There is one parking space designated as accessible in front of the building but there is room to put more.

d.      The spaces to the left of the main entrance and to the right of the convenience store are not van accessible.

e.      The aisles within the convenience store are inaccessible due to obstructions (e.g. Jack Links rack and potato chip rack at the end of the aisles.).

f.      The items on top shelves and racks are too high and inaccessible.

g.      Near the restrooms there is a table designated as accessible but it is not accessible, not on an accessible route, and is blocked by other tables.

h.      The pipes underneath the sinks are not insulated on any of the lavatories.

9) Ludlow Plaza East

a.      There is one parking space at the back of the lot but is it now accessible.

b.      There are three tables outside of the main building, none of which are accessible.

c.      The access aisle is inaccessible and has excessive gaps and cracks.

d.      There is a change in level where the sidewalk meets the access aisle, making the route from the parking space designated as accessible to the entrance inaccessible

e.      The entire platform where the tables are located has an excessive slope.

f.      There are three parking spaces on the side of the building. The access aisle is 7 feet on the left and 8 feet on the other. The one that is 8 feet does not have a ramp where the aisle meets the walkway.

g.      One of the parking spaces, on the right, the space with the 8 foot access aisle, does not have the necessary ADA signage.

h.      There are two parking spaces designated as accessible in front of the store but only one has a sign.

i.      There is a crack in gap where the curb cut meets the access aisle. There are other cracks and gaps on the route to the door of the store and also in the opposite direction on the route to the back gas pumps for trucks.

j.      The convenience store entrance door is inaccessible. There is not a clear level landing at the door.

k. The convenience store's aisles are inaccessible and too narrow. The aisles are reduced to less than 32" where the chip rack is located.

l. Items are inaccessible and too high on the wall rack, potato chip rack, and on tops shelves.

m. The ice machine is inaccessible and located on the ramp.

n. In the restroom, there is no handle on the stall door to close it.

o. The toilet paper dispenser is located too high and obstructs the grab bar.

10) <u>Charlton Plaza East</u>

a. There are four parking spaces designated as accessible in the back of the lot.

b. In the back of the lot, the route from access aisle to walkway, picnic area, Farmer's Market and Massachusetts Turnpike building is narrow because of weeds overgrown.

c. There are three picnic tables but no accessible route to the tables except through the grass.

d. There is also a farmers market. This is also where the Massachusetts Turnpike headquarters building appears to be located

e. There are five accessible spaces at the main entrance. The spaces have excessive slopes/ cross-slopes.

f. Where the asphalt meets the walkway in front of the building the route is inaccessible and there are gaps and chips in the asphalt and in the concrete.

g. Inside, there are no accessible tables near Papa Gino's or Fresh City.

h. In the restroom, no accessible Figure 30(d) stalls are provided.

i. In the accessible stalls, there is not an accessible dor handle to pull the door closed.

j. The toilet paper dispenser is located too high and obstructs the use of the grab bar.

k. There are two more accessible spaces in front of the store. The asphalt is uneven and wavy with slopes especially in the access aisle in the middle.

l.    Only one of the two spaces is designated with an accessible parking sign.

m.    Where the access aisle meets the walkway, the route is inaccessible. The walkway is raised more than 1/2 inch and there is a gap. There are other gaps and chips on the walkway to and from the curb cut at those spaces.

n.    The aisles within the convenience store are too narrow and less than 32 inches (e.g. at the Jack Links and the potato chips racks.

o.    The items are too and out of reach at the top shelves, racks and wall rack.

11) <u>Natick Plaza East</u>

a.    There is a Dunkin' Donuts outparcel with a parking space. There is not a 5 x 5 landing area at the door.

b.    The area just to the right of the Dunkin' Donuts door has an excessive slope/ cross-slope.

c.    There are two picnic tables next to Dunkin' Donuts outdoors. The route to the tables is inaccessible and has excessive sopes/ cross-slopes.

d.    The platform the tables are on is also inaccessible with an excessive slope/ cross-slope.

e.    The tables next to Dunkin' Donuts are not accessible and do not have a wheelchair space.

f.    There are parking spaces designated as accessible at the front entrance but many do not have signs designating them as accessible spaces.

g.    Parking spaces designated as accessible have no access aisle and are therefore inaccessible.

h.    Parking spaces designated as accessible are inaccessible due to slopes/ cross-slopes.

i.    There are obstructions (i.e. a planter) blocking the accessible route from the parking spaces to the building.

j.    The route from the parking spaces to the entrance of the building is not the shortest route.

k.    There is no curb cut on the shortest route from the parking spaces designated as accessible to the walkway.

l.      On the four spaces to the right there is no accessible route nor designated path. Two of the farther spaces of those four do not have a direct route and must go behind parked vehicles, in the vehicle either way and around the planters.

m.      The planters obstruct exit from the vehicles and deployment of a wheelchair ramp or lift.

n.      Where the asphalt meets the concrete walkway in front of the building the route is inaccessible and there are gaps. There are other gaps along the walkway/ accessible route.

o.      There are excessive changes of level, gaps and puddling of water on the route to the picnic table area in front of the building.

p.      The accessible table in front of Papa Gino's and Cheesy Street Grill has a center post and is inaccessible.

q.      In the restroom, there are no Figure 30(d) stalls provided.

r.      The toilet paper dispenser is just above the grab bar making the grab bar inaccessible.

s.      There is not an accessible handle on the stall door to pull it closed.

t.      There are two more parking spaces on the side of the building by the convenience store. There is a large inaccessible gap where the access aisle meets the walkway.

u.      Only one of the parking spaces designated as accessible has a sign designating it as accessible.

v.      There are polls blocking the tire air pump.

w.      The door into the convenience store has an excessive resistance

x.      The aisles within the convenience store are less than 32" and are obstructed (e.g. The Jack Links rack and potato chip rack).

y.      The items on top shelves and on racks are too high and inaccessible.

11.    The above listings are not to be considered all-inclusive of the physical barriers, dangerous conditions or ADA violations encountered by Plaintiff and/or which exist within the Mass DOT facilities and plaza. Plaintiff requires a full inspection in order to determine all of the discriminatory acts violating the ADA.

12.     As set forth above, Plaintiff has been denied access to, and without the relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities, buildings, spaces, premises and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of Defendant's ADA violations set forth above.

13.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff's counsel's fees, litigation expenses and costs are recoverable from Defendant pursuant to 42 U.S.C. §12205.

14.     Any and all requisite notice, if any, has been provided to the Defendant and all necessary administrative remedies, if any, have been exhausted.

15.     Pursuant to 42 U.S.C. §§12133, 29 U.S.C. §794a, and 49 U.S.C. §2000e, the Court is provided authority to grant Plaintiff injunctive relief including an order to alter the subject premises, facilities, services, activities, programs, buildings, spaces, premises and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the ADA, closing all premises and facilities, and discontinuing all complying services, activities, programs and accommodations until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests the Court to issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to alter and modify the subject premises, facilities, services, activities, programs, accommodations and buildings as appropriate to comply with the ADA, and if necessary, closing the subject premises, facilities and buildings and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed, awarding Plaintiff damages, and awarding Plaintiff attorneys' fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

By:    /s/Edward N. Garno, Esq.
        Edward N. Garno, Esq.
        147 Central Street, Suite 213
        Lowell, Massachusetts 01852
        Telephone:  (978) 687-7805
        Facsimile:  (978) 446-1311
        E-mail:  nedgarno@hotmail.com
        Massachusetts Bar No.:  564378
        Lead Counsel for Plaintiff

By:    /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Todd W. Shulby, P.A.
        1792 Bell Tower Lane
        Weston, Florida 33326
        Telephone:  (954) 530-2236
        Facsimile:  (954) 530-6628
        E-mail:  tshulby@shulbylaw.com
        Florida Bar No.: 068365
        Counsel for Plaintiff